**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| FAJR DUDLEY, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | CASE NO.: |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| BGI OF BRANDYWINE, LLC, | : | |
| | : | |
| Defendant. | : | |

_____ :

## COMPLAINT AND JURY DEMAND

### I.    PRELIMINARY STATEMENT

1.    This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Fajr Dudley ("Plaintiff Dudley"), a former employee of Defendant BGI of Brandywine, LLC ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.    This action arises under the Americans with Disabilities Act, as amended, 42 U.S.C. §12010 et seq. ("ADA"), the Family Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").

### II.    JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Dudley' claims are substantively based on the ADA and the FMLA.

4.    All conditions precedent to the institution of this lawsuit have been fulfilled.  On June 9, 2025, the United States Equal Employment Opportunity

Commission ("EEOC") issued a Notice of Right to Sue to Plaintiff Dudley, and this action has been filed within ninety (90) days of receipt of said notice.

5.  Plaintiff Dudley has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III.  <u>PARTIES</u>

6.  Plaintiff Fajr Dudley ("Plaintiff Dudley") is a twenty-five (25) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 7908 Caesar Pl., Philadelphia, Pennsylvania 19153.

7.  Defendant BGI of Brandywine, LLC ("Defendant") is a limited liability corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 1375 Newark Road, Kennett Square, Pennsylvania 19348.   The Defendant owns and operates addiction and co-occurring mental health treatment and rehabilitation facilities and provides care for adults.

8.  At all times relevant hereto, the Defendant acted through its agents, servants, and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.  At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADA and the FMLA and has been, and is, subject to the provisions of each said Act.

10.     At all times material herein, Plaintiff Dudley has been an "employee" as defined under the ADA, and the FMLA and has been, and is, subject to the provisions of each said Act.

## IV.    <u>STATEMENT OF FACTS</u>

11.     Plaintiff Dudley was employed by the Defendant from on or about February 15, 2023 until on or about April 19, 2024, the date of her unlawful termination.

12.     Throughout the majority of her employment with Defendant, Plaintiff Dudley held the position of Behavioral Technician.

13.     In her capacity as a Behavioral Technician, Plaintiff Dudley primarily worked at the Defendant's West Grove Home, a "partial house" where patients reside while receiving off-site treatment with the Defendant.  Plaintiff Dudley's duties included providing personal care services to patients at the facility under the direction of clinical and nursing leadership and transporting patients to and from daily recovery programming and on store runs.

14.     At all times relevant herein, Plaintiff Dudley performed her job duties in a dutiful and highly competent manner.

15.     As evidence thereof, on or about April 14, 2024, McClain and Michelle McIver ("McIver"), Chief Executive Officer, promoted Plaintiff Dudley to a Counselor position.

16.     During the course of her employment with Defendant, she reported to Carly Haught ("Haught"), Director of Nursing, Selena Deshazor ("Deshazor"), Director of Clinical Services, Denise Derr ("Derr"), Manager, and Andy Meadowcroft

("Meadowcroft"), Program Manager.  In or about July of 2023, Deshazor left the company.

17.    In or about late February of 2024, Plaintiff was diagnosed with Colitis, causing her to suffer from severe abdominal pain and gastrointestinal issues.

18.    Plaintiff Dudley's Colitis constitutes a disability under the ADA in that it substantially impairs one (1) or more of her major life activities including, but not limited to, her normal gastrointestinal and bowel functions.

19.    Shortly after receiving her diagnosis, Plaintiff Dudley requested two (2) separate medical leaves of absence as a reasonable accommodation for her disability.

20.     By way of elaboration, in or about late February of 2024, Plaintiff Dudley informed Derr by way of phone call that she was in the hospital due to a flare-up of her disability (Colitis), thereby requesting a brief period of time off from work as a reasonable accommodation.

21.    In total, Plaintiff Dudley received treatment for her disability at the hospital for three (3) days in February of 2024.

22.    Upon Plaintiff Dudley's return to work following the aforesaid brief medical leave of absence, she provided Terri McClain ("McClain"), Market Human Resources Director, with a copy of her hospital discharge paperwork and explained that she was suffering a flare-up of her Colitis.

24.    In or about April of 2024, Plaintiff Dudley began to experience another flare-up of her disability.

25.     As a result thereof, on or about April 14, 2024, Plaintiff Dudley informed Meadowbrook and Carly Haught ("Haught"), Director of Nursing, that she would be unable to report to work that day, thereby requesting the day off as a reasonable accommodation for her disability.

26.     In response, Meadowbrook expressed extreme hostility towards Plaintiff Dudley for calling out of work that day.

27.     Due to ongoing exacerbation of her disability, on or about April 16, 2024, Plaintiff Dudley contacted McClain and requested an FMLA leave of absence from work. Said request also constituted a request for reasonable accommodation under the ADA. Plaintiff Dudley's April 16, 2024 Request is attached hereto and marked as "Exhibit A." McClain directed Plaintiff Dudley to MetLife, Defendant's third-party leave administrator.

28.     That same day, Plaintiff Dudley placed a phone call to MetLife and requested an FMLA/ADA-qualifying medical leave of absence from work due to the flare-up of her Colitis.

29.     In response to Plaintiff Dudley's request, MetLife apprised Plaintiff Dudley that they required approval directly from Defendant prior to initiating and processing her FMLA leave of absence request.

30.     The following day, on or about April 17, 2024, Plaintiff Dudley met with McClain in her office.  Plaintiff Dudley reiterated to McClain that she was experiencing a flare-up of her Colitis and needed a brief medical leave of absence from work.  Plaintiff Dudley explained to the said McClain that she had followed McClain's directive that she

contact MetLife and that they told her they could not begin to process her request because approval of the request did not first come from the Defendant. However, McClain refused to provide Plaintiff Dudley with any further assistance in obtaining FMLA paperwork or approval in order to commence this much needed medical leave.

31.    Just two (2) days after Plaintiff Dudley last requested FMLA/ADA-qualifying leave as a reasonable accommodation for her disability, Haught and Michelle McIver ("McIver"), Chief Executive Officer, advised Plaintiff Dudley that her employment with Defendant was terminated, falsely claiming that Plaintiff Dudley transported patients to Delaware without permission and failed to return patients to their home on or about April 17, 2024.

32.    Plaintiff Dudley believes and avers that no legitimate business reason existed for the abrupt termination of her employment and that Defendant's actions were based on her actual and/or perceived disability and/or record of impairment (Colitis), in retaliation for requesting reasonable accommodations for her disability, in retaliation for requesting FMLA leave, and in order to interfere with and prevent Plaintiff Dudley from exercising her right to take a medical leave of absence under the FMLA.

33.    Defendant's articulated reason for Plaintiff Dudley's termination is false and pretextual as evidenced by (1) the extremely close temporal proximity between the disclosure of her disability/last request for reasonable accommodation in the form of FMLA leave and her termination; (2) Plaintiff Dudley in fact had permission to transport her patients to Delaware to attend Narcotics Alcoholics Anonymous ("NAA"); (3)

Plaintiff Dudley in fact returned her patients to their home following their trip to Delaware.

**COUNT I**
**(ADA – Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Failure to Accommodate, and Retaliation)**
**Plaintiff Dudley v. the Defendant**

34.    Plaintiff Dudley incorporates by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Dudley to discrimination on the basis of her actual and/or perceived disability and/or record of impairment and in retaliating against her for requesting reasonable accommodation for her disability, ultimately resulting in the termination of her employment, constituted violations of the ADA.

36.    As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Dudley sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

37.    As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by Defendant in violation of the ADA, Plaintiff Dudley suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

<u>**COUNT II**</u>
**(FMLA – Interference and Retaliation)**
<u>**Plaintiff Dudley v. the Defendant**</u>

38.     Plaintiff Dudley incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39.     Plaintiff Dudley was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. §2611(a)(i)(ii).

40.     Plaintiff Dudley requested leave from Defendant with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C. §2611(2)(i).

41.     Plaintiff Dudley had at least 1,250 hours of service with Defendant during her last full year of employment.

42.     Defendant is engaged in an industry affecting commerce and employed at least fifty (50) or more employees within seventy-five (75) miles of the location where Plaintiff Dudley worked for Defendant for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. §2611(4)(A)(i).

43.     Plaintiff Dudley was entitled to receive leave pursuant to 29 U.S.C. §2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

44.     Plaintiff Dudley requested FMLA-qualifying leave during the last full year of her employment with Defendant.

8

45.     Defendant committed retaliation violations of the FMLA by: (1) terminating Plaintiff Dudley's employment for requesting and/or exercising her FMLA rights; (2) considering Plaintiff Dudley's FMLA leave needs in making the decision to terminate her employment; (3) terminating Plaintiff Dudley to prevent her from taking FMLA-qualifying leave in the future; and (4) engaging in conduct which discouraged Plaintiff Dudley from exercising her FMLA rights and which would discourage, dissuade and/or chill a reasonable person's desire to request and/or take FMLA leave.

46.     As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Dudley sustained permanent and irreparable harm, resulting in her termination from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## PRAYER FOR RELIEF

47.     Plaintiff Dudley incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Dudley requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a.     Defendant compensate Plaintiff Dudley, reimburse Plaintiff Dudley, and make Plaintiff Dudley whole for any and all pay and benefits she would have received had it not been for Defendant's unlawful actions, as aforesaid, including, but not limited to, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

b.      Defendant pay to Plaintiff Dudley liquidated and punitive damages as permitted by applicable law, in an amount believed by the Court or the trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

c.      Defendant pay to Plaintiff Dudley compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d.      Defendant pay to Plaintiff Dudley pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law; and

e.      The Court award such other relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff Dudley demands trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
Ari R. Karpf, Esq.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801

Dated: July 30, 2025

## <u>VERIFICATION</u>

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of her knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.


Dated: 7/30/2025

_____

Fajr Dudley

# Exhibit A

2:24

< 📥 🗑 ✉ ⋯

## Fmla paperwork [Inbox] ☆

**me** Apr 16                ☺ ↩ ⋯
to Terri ⌄

Goodafternoon, can you please forward me the FMLA paperwork ?

**Terri McClain** Apr 16     ☺ ↩ ⋯
to me ⌄

Hello Faj, in order to apply for FMLA you will need to contact Met Life at 1-833-558-0074. They will walk you through the entire process.

Thank you,

Terri McClain

Market Human Resources Director, White Deer Run and Bowling Green Brandywine

1375 Newark Rd

Kennett Square, Pa 19348

610-388-8003

Fax 610-268-3403

**From:** Faj The Promoter <fajrdudley234@gmail.com>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Fajr Dudley | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BGI of Brandywine, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　　　　　　　　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　( x )

| 7/30/2025 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                      Yes  ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes  ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes  ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same   Yes  ☐
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?      Yes  ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

*B.  Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases:  *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DUDLEY, FAJR

**DEFENDANTS**

BGI OF BRANDYWINE, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - mployment | ☐ 535 Death Penalty | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA and FMLA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   7/30/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____